By the Court.
The foregoing cases involve the same questions, and therefore were submitted and considered together.
The defendants in error were formerly policemen of the city of Cleveland. They were ousted from office. Action was subsequently brought by them, whereby they were, restored to their former positions as police officers. Thereafter demand was made upon the city of Cleveland for their salaries as police officers for the time during which they had been wrongfully ousted from office. The common pleas court found that, owing to the fact that other policemen had been appointed in their stead through the interval and had drawn substantially the same salary, the police officers so wrongfully ousted could not recover.
The case was appealed to the court of appeals, which held a contrary doctrine, to-wit, that they could recover the full salary for the interval in question, and that such salary was not subject to be reduced by any earnings of said policemen during said interval. To the judgment of the court of appeals error is now prosecuted to this court.
A public officer is a public servant, whether he be a policeman of a municipality or the president of the United States. His candidacy for appointment or election, his commission, his oath, in connection with the law under which he serves, and the emoluments of his office constitute the contract between him and the public he serves.
The constitution of Ohio guarantees to everyone redress for any injury done him in his land, goods, person, reputation, etc., and assures him remedy by *495 due course of law and that justice shall be administered without denial or delay. If the public servant, a policeman in this case, be wrongfully dismissed from public office, he should have the same remedy for such wrong as a private servant for any wrong done him in his employment. The theory in both cases should be to make the wronged party whole; that is, to reimburse him for his loss. The mere fact that the wronging party employs or ap: points some one else during the period of wrongful ouster should not excuse him for the full measure of his duty and liability.
The defendants in error in the foregoing cases should, therefore, recover their salaries, less the respective amounts they have otherwise earned, in the exercise of due diligence, during the periods they were wrongfully ousted. Decrees accordingly.

Judgments of the court of appeals modified and affirmed as modified. ■

Nichols, C. J., Johnson, Wanamaker and Matthias, JJ., concur.
Donahue, J., for affirmance, without modification.